Ronald S. MILLER, Plaintiff–Appellant,

v.

Jeff RICH and National Transportation Safety Board, Defendants–Appellees.

No. 87–5650.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1987.

Memorandum Dec. 31, 1987.

Order April 20, 1988.

Arthur Wasserman, Van Nuys, Cal., for plaintiff-appellant.

James R. Sullivan, Los Angeles, Cal., for defendants-appellees.

Before WIGGINS and O'SCANNLAIN, Circuit Judges, and MARQUEZ,* District Judge.

**ORDER**

The memorandum disposition filed December 31, 1987, 836 F.2d 553, is hereby amended and redesignated an opinion authored by Judge Marquez, per the attached opinion.

* Honorable Alfredo C. Marquez, United States District Judge, District of Arizona, sitting by designation.

## OPINION

MARQUEZ, District Judge:

On January 1, 1987, a single engine North American T–28C aircraft crashed into an open field south of the Van Nuys Airport in Van Nuys Airport in Van Nuys, California. The crash occurred shortly after takeoff. Of the two occupants of the plane, only one survived. Appellant, the owner of the aircraft was not one of the occupants.

Appellee Rich, in his official capacity with Appellee National Transportation Safety Board, assumed custody of the wreckage. In accordance with its regulatory and investigative authority, the NTSB planned to disassemble and inspect the engine. On January 12, 1987, Appellant brought an action seeking declaratory and injunctive relief. Appellant sought to enjoin the inspection and disassembly of the engine until his representative had been authorized to observe the inspection. On January 30, 1987, the District Court denied the motion for preliminary injunction.

On February 11, 1987, the District Court denied Appellant's motion for an injunction pending appeal. This Court granted injunctive relief pending appeal of the District Court's order denying the preliminary injunction. After oral argument, submission of the appeal to the panel was vacated pending the Supreme Court's decision in *Graham v. Teledyne–Continental Motors, et al.,* 805 F.2d 1386, 1388 (9th Cir.1986). On October 5, 1987, the Supreme Court denied the petition for writ of certiorari. —— U.S. ——, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987). On October 30, 1987, the case was resubmitted to the panel. We hold that Appellees abused their discretion and reverse the District Court's order denying the preliminary injunction.

### A. Standard of Review

This is an appeal from the denial of preliminary injunctive relief. In the ordinary case, this appeal would be premature. *See Graham,* 805 F.2d at 1388; *Kimball v. Commandant Tweflth Naval District,* 423 F.2d 88, 89 (9th Cir.1970). However, in this case, the denial of the preliminary injunction effectively decided the merits of the case. *Id.* In other words, if the NTSB proceeds with disassembly and testing of the engine, Appellant's claims will be rendered moot. On this basis, this Court granted the TRO pending appeal.

An appeal from an order denying interlocutory injunctive relief is reviewed for abuse of discretion. Typically, the reviewing court will consider factors such as the balance of hardships and plaintiff's likelihood of success on the merits. *See Graham, supra.* However, because of the circumstances, we need only determine whether the district court correctly applied the law. *Id.* Therefore, due to the posture of this case, we treat this as an appeal from a final judgment denying permanent injunctive relief. *See Kansas ex rel. Stephan v. Adams,* 608 F.2d 861, 867 n. 5 (10th Cir.1979), *cert. denied,* 445 U.S. 963, 100 S.Ct. 1651, 64 L.Ed.2d 238 (1980). The district court's interpretation of the applicable law is subject to de novo review. *Graham,* 805 F.2d 1388.

### B. Discussion

Appellant raises the following issues: (1) whether Appellant, as owner of the aircraft, has a right to observe the disassembly and inspection of the engine under the NTSB's regulations; (2) whether Appellees abused their discretion in refusing to allow Appellant to observe the disassembly and inspection of the engine; and (3) whether Appellant has been denied his rights to procedural due process by Appellees actions. Our discussion of the first two issues is sufficient for a resolution of this case and therefore we do not reach the constitutional question.

#### 1. The Regulations.

Appellant asserts the regulations give him the right to observe the disassembly and inspection of the engine. The NTSB is charged with investigating all transportation accidents. *See* 49 U.S.C. § 1901, *et seq.* In the case of aircraft crashes, this generally involves a complete teardown analysis. The investigator-in-

charge designates the parties who may participate in the field investigation. 49 C.F.R. § 831.9(a). The regulation states, in pertinent part:

> The investigator-in-charge may ... designate parties to participate in the field investigation. Parties to the field investigation shall be limited to those persons, government agencies, companies, and associations whose employees, functions, activities, or products were involved in the accident or incident and who can provide suitable qualified technical personnel to actively assist in the field investigation.

The NTSB's investigation manual on aircraft accidents and incidents provides assistance in interpreting this provision. The manual states, in part:

> The categories of parties should be interpreted as permitting an owner/operator to participate. Except for cases in which prearrangements for notification have been made, the IIC (investigator-in-charge) has no responsibility to seek out potential parties. If they request participation, they or their qualified representative should be permitted participation.
>
> All parties must satisfy the IIC that their personnel are suitably qualified and will actually be of assistance. Approval is not automatic....
>
> Concerning owner/operators, the rule should be applied in the same manner. We should always deal with the owner/operator ... The decision (to allow participation) must be free of prejudice and not appear capricious.

This Court has previously held that the regulations do not grant a party the right to participate in the investigation. *Graham*, 805 F.2d at 1389. Although we adhere to that decision, our inquiry must focus on whether the NTSB has abused its discretion in making its determination denying Appellant the opportunity to observe the testing of the engine.

### 2. Abuse of Discretion.

■ Appellant asserts that Appellee's denial of the request to observe the disassembly and inspection of the engine was arbitrary and capricious, and an abuse of discretion. Appellees have not advanced a single reason in favor of denying Appellant, the owner of the aircraft, the opportunity to merely observe the testing of the engine. In fact, counsel for appellees has stated that no reason need be given, that the power granted the NTSB is absolute. The provisions stated above clearly indicate that the designation of the parties allowed to participate in the field investigation is within the discretion of the IIC, in this case, Appellee Rich, and the NTSB. That discretion, however, is not unbridled. Since Appellees have not given any rational justification for excluding Appellant, this Court finds that Appellees' actions constitute an abuse of discretion.

Appellees contend that the *Graham* case is dispositive on this issue. However, *Graham* is factually distinguishable from the instant case. First, Appellant in this case is the owner of the aircraft while the party seeking participation in *Graham* had not established an ownership interest. 805 F.2d at 1389, n. 6. The NTSB's internal policy explicitly states that the owner should be allowed to participate. Second, Appellant in the instant case is not seeking to actively participate in the disassembly and inspection, he merely wishes to observe. In *Graham*, the appellant sought to have his representative actually participate in the testing. The Court in *Graham* based its decision upon the finding that "there is nothing unique appellant's expert could add to the investigation, or so the NTSB could rationally decide." 805 F.2d at 1389. Appellees read this to mean that denial of the right to participate is never an abuse of discretion. Such an interpretation is strained at best. Appellees must advance some rational justification for denying Appellant the opportunity to observe the testing. Since they have failed to do so, we find that their action was an abuse of discretion.

### C. Conclusion

The regulations do not grant Appellant a right to participate in the field investigation. Nevertheless, the decision to deny

the owner of the aircraft the opportunity to observe the disassembly and inspection of the engine cannot be arbitrary and capricious. We conclude that Appellee's actions in the present case did constitute an abuse of discretion. Accordingly, we reverse the district court and remand for further proceedings consistent with this order.

REVERSED AND REMANDED.